VIRGINIA:

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LAVANGALINE WILLIAMS, individually and on behalf of others similarly situated, | ) Case No.: ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GAUGHAN SOUTH, LLC D/B/A SOUTH POINT HOTEL AND CASINO, | ) ) ) |
| Defendant. | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, LAVANGALINE WILLIAMS, (hereinafter "Williams"), individually and on behalf of others similarly situated, and moves for judgment against Defendant, GAUGHAN SOUTH, LLC, d/b/a South Point Hotel and Casino (hereinafter "South Point"), on the grounds and in the amount set forth below:

### PARTIES

1. Williams is a resident of King George, Virginia and she has resided there for more than one year preceding the filing of this action. She was a paying guest at the hotel owned and operated by South Point.

2. There are other individuals similarly situated to the Plaintiff in that they were paying guests of the hotel owned and operated by South Point and they were subjected to the same economic scheme as Williams by South Point.

3. South Point is a hotel and casino registered as a limited liability Company in Las Vegas, Nevada.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court as the Plaintiff is alleging a violation of the Sherman Antitrust Act, 15 U.S.C.A §1 et seq., thereby raising a federal question.

5. Venue is proper in this judicial district in as much as a substantial part of the events or omissions giving rise to this suit occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. On or about August 3, 2022, Williams agreed to purchase the rental of a hotel room from the South Point. This transaction occurred while Williams as at her home in King George, Virginia by utilizing the internet.

7. Williams agreed to the purchase price for the rental of the hotel room from South Point for the price advertised by South Point on the internet.

8. Upon arrival at South Point, Williams was informed by hotel staff that she would have to purchase an additional product in order to stay at the hotel. Specifically, Williams was told that she would have to pay a "resort fee" for use of the hotel amenities such as the pool and the fitness center.

9. Williams objected to having to purchase the "resort package" as she was only in Las Vegas, Nevada for a bowling tournament and would not be using the aforementioned hotel amenities.

10. Williams was again informed by hotel staff that purchase of the resort package was a condition of her being able to purchase the rental of the hotel room for the price

advertised on the internet. Ultimately, Williams agreed to purchase the resort package.

## VIOLATION OF THE SHERMAN ANTITRUST ACT 15 U.S.C.A § 1 ET SEQ.

11. South Point unlawfully tied the purchase of their hotel rooms to the purchase of the hotel's resort package.

12. South point refused to sell a hotel room rental to guests unless those guests also agreed to purchase the hotel's resort package.

13. The Sherman Antitrust Act prohibits businesses from conditioning the sale of one product on the consumer agreeing to purchase a different product.

14. In the present case, South Point agreed the rental of its hotel room to Williams but only on the condition that she also purchase the resort package (the tied product).

WHEREFORE the Plaintiff, Lavangaline Williams, demands judgment against the Defendant, South Point, in an amount determined by the facts proved at trial, with interest from the date of the judgment and her costs expended in this action.

**TRIAL BY JURY IS DEMANDED.**

Lavangaline Williams
By counsel:

/s/ _____

Horace F. Hunter, Esq.
VSB#44186
Hunter & Everage, PLLC
5206 Markel Road, Suite 200
Richmond, VA 23230
(804)780-1235
(804)780-2355 fax
hfh@hunter-everage.com